Dear Mr. Dressel:
You requested an Attorney General's opinion regarding the payment of employee contributions on behalf of a Clerk of Court. You indicate that provides for the clerks of district courts of the various parishes to establish their own rates of annual compensation for services. Salaries are payable out of the Clerk's salary fund subject to maximum amounts set forth in the statute based on the population of their parish. The Clerks of Court, their deputies and employees are members of the Clerks' of Court Retirement and Relief Fund ("Fund"). Contributions to the fund are governed by La. R.S. 11:1562, which provides:
 A. The clerk of the supreme court, each of the courts of appeal, each of the district courts, and each of the city and traffic courts in cities having a population in excess of four hundred thousand, and the Louisiana Clerks of Court Association, the Louisiana Clerks of Court Retirement and Relief Fund, and the Louisiana Clerks of Court Insurance Fund, shall deduct eight and one-quarter percent of the salary of each such clerk and of each deputy and employee who is or becomes a member of the fund. Such deduction shall be made during each regular payroll period and shall be paid to the fund monthly by each clerk within ten days after the close of the month for which collected. In addition, each such clerk, and the Louisiana Clerks of Court Association, the Louisiana Clerks of Court Retirement and Relief Fund, and the Louisiana Clerks of Court Insurance Fund shall pay to the fund an amount equal to nine percent of all salaries paid by each clerk to members of the fund, which shall be paid from each clerk's salary fund or, if there is no salary fund, out of any fund from which the clerk pays the salaries of his employees and himself.
 B. The failure of any clerk to make the required deductions or to remit to the fund within thirty days of becoming due any and all required contributions shall render him liable to suspension of his membership and participation in the fund at the discretion of the board. If the board so suspends any clerk it shall notify the clerk of his suspension by registered mail sent to him at his address as it appears upon the records of the system and it shall prescribe the conditions and terms pursuant to which he may be reinstated. If any clerk continues to be delinquent in the payment of the required contributions for a period exceeding ninety days, he shall be personally liable to the fund in his individual capacity for the delinquent contributions and for a penalty equal to twenty-five percent of all delinquent contributions. If and when the delinquent contributions and penalty are collected, both shall be paid into and constitute a part of the fund.
 C. Notwithstanding any other provision of law to the contrary, in lieu of deducting the employee contribution from the salary of each clerk, deputy, and employee as provided in Subsection A of this Section, upon giving written notice to the board of trustees fifteen days prior to the beginning of a fiscal year, each of the district courts and each of the city and traffic courts in cities having a population in excess of four hundred thousand, and the boards of Louisiana Clerks of Court Association, the Louisiana Clerks of Court Retirement and Relief Fund, and the Louisiana Clerks of Court Insurance Trust may elect to pay out of the clerk's or board's operating funds all or any portion of the employee contributions which would otherwise be deducted from the salary of each clerk, deputy, and employee as provided in Subsection A of this Section for the clerk and each of the clerk's deputies and employees and each of the board's employees. If a clerk or a board elects to pay a portion of the contributions required in Subsection A of this Section, then the portion shall be in the same proportion of the salary of each employee in the office of the clerk or board and no employee shall be able to choose the amount of such payment. Payments so made shall specifically not be included as salary or monthly average compensation for purposes of benefit computation. If such election is made, the election shall remain in effect for a fiscal year and shall be rescinded only upon providing written notice to the board of trustees fifteen days prior to the beginning of a fiscal year.
 D. Eight and one-quarter percent of all per-page transcription payments shall be deducted monthly from each such payment and that amount, plus the appropriate employer contribution applied to such payments, as otherwise established by law, shall be remitted to the fund on a monthly basis within ten days after the close of each month by the judicial administrator or other appropriate officer of the court for which the transcriptions were made. Such reports shall be distinct and separate from the reports of regular salary otherwise required by law.
 Pursuant to R.S. 11:1562(A) the courts are to deduct the employee contribution of eight and one-quarter percent per from the salary of each clerk, deputy and employee who is a member of the Fund. Alternatively, the courts may elect to pay, out of the Clerk's operating funds, all or any portion of the employee contribution pursuant to R.S. 11:1562(C). You note that R.S. 11:1562(C) provides that such payments "shall specifically not be included as salary or monthly average compensation for purposes of benefit computation." Based upon this language, you question whether payments of employee contributions on behalf of a Clerk of Court as authorized under R.S. 11:1562(C), to be considered as part of the maximum salary allowed to be paid to a Clerk of Court under R.S. 13:782(A)(1).
 It is axiomatic that, if the maximum salary and/or per diem of a public official or employee is fixed by statute, that salary and/or per diem constitutes the maximum that can be received by the official or employee in the absence of legislation providing otherwise. The language of R.S. 11:1562(C) provides that the payment of employee contributions shall not be included as salary "for purposes of benefit computation." This is a very limited provision, which excludes the payment of employee contributions only for the purpose of benefit computation. The provision means that if the employee contributions are paid on behalf of a Clerk of Court, such payments will not be included as salary or compensation when the Clerk of Court's retirement benefits are calculated. Such payments still comprise additional compensation to a Clerk of Court and would be considered part of the maximum salary allowed to be paid to a Clerk of Court. Consequently, the employee contribution of a Clerk of Court can only be paid to the extent that it does not result in the Clerk's total compensation surpassing the statutory maximum.
 Trusting this adequately responds to your request, we remain
Yours very truly,
CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: __________________________
KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv